**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2114**

KPAWENI MCGILL NATEE, a/k/a Kpaweni M. Natee, a/k/a Kpaweni Natee,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  February 20, 2020                          Decided:  April 6, 2020

Before GREGORY, Chief Judge, KEENAN, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Petition dismissed by unpublished per curiam opinion.

Kpaweni McGill Natee, Petitioner Pro Se.  Joseph H. Hunt, Assistant Attorney General, Carl McIntyre, Assistant Director, Brooke M. Maurer, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kpaweni McGill Natee, a native and citizen of Liberia, petitions for review of the order of the Board of Immigration Appeals ("Board") denying reconsideration of the discretionary denial of adjustment of status. We deferred action on the Attorney General's motion to dismiss until after Natee filed his informal brief. We grant the motion to dismiss.

Under 8 U.S.C. § 1252(a)(2)(B)(i) (2018), entitled "Denials of discretionary relief," "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . [8 U.S.C. §] 1255 [(2018)]," which is the section governing adjustment of status. Because the Board denied Natee's application for adjustment of status as a matter of discretion, we lack jurisdiction to review the denial pursuant to § 1252(a)(2)(B)(i). *See Higuit v. Gonzales,* 433 F.3d 417, 419-20 (4th Cir. 2006) (finding no jurisdiction to review Board's discretionary denial of adjustment of status where petitioner failed to raise constitutional claim or question of law); *Obioha v. Gonzales,* 431 F.3d 400, 405 (4th Cir. 2005) ("It is quite clear that the gatekeeper provision [of § 1252(a)(2)(B)(i)] bars our jurisdiction to review a decision of the [Board] to actually deny a petition for cancellation of removal or the other enumerated forms of discretionary relief."). Natee may still raise constitutional claims or questions of law under the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2018). *See Higuit,* 433 F.3d at 419.

This prohibition against review would necessarily extend to the denial of a motion to reconsider the denial of discretionary relief. "When the [Board] refuses to reconsider the *discretionary* denial of relief under one of the provisions enumerated in 1252(a)(2)(B)—a decision which is not subject to review in the first place—the court will

2

not have jurisdiction to review *that same denial* merely because it is dressed as a motion to reconsider." *Jean v. Gonzales*, 435 F.3d 475, 481 (4th Cir. 2006); *see also Cruz-Mayaho v. Holder*, 698 F.3d 574, 577 (7th Cir. 2012) (noting "default rule" that if court lacks jurisdiction to review underlying order, it lacks jurisdiction to review denial of reconsideration). "[A] challenge to the weight attributed to certain factors relevant to immigration determinations does not present a question of law." *Sorcia v. Holder*, 643 F.3d 117, 125 (4th Cir. 2011). Because the Board reaffirmed the discretionary denial of relief, we are without jurisdiction to consider the order as it pertains to the discretionary finding that Natee's negative equities outweighed his positive equities. *Id.* at 118, 124, 126-27 (finding that, because Board denied reopening and cancellation of removal as matter of discretion, court lacked jurisdiction).

Natee does not raise a constitutional claim or question of law. Accordingly, we grant the Attorney General's motion to dismiss and dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*